# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALAN CAMPBELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil Action No. 11-104 Erie |
| JON D. FISHER et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM ORDER

On May 9, 2011, the Clerk of Courts for the United States District Court for the Western District of Pennsylvania received from Michael Allen Campbell a Petition for Writ of Habeas Corpus. On May 12, 2011, Petitioner filed his filing fee and his Petition was filed.

On July 29, 2011, the Respondents filed their Response to the Petition. In the Response, Respondents raised numerous arguments, both procedural and substantive, in support of their position that the Petition for Writ of Habeas Corpus should be dismissed. One of their arguments in support of dismissal was that the Petition was not filed within the applicable limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d). Response to Petition for Writ of Habeas Corpus, p. 3.

On October 3, 2012, the magistrate judge issued a Report and Recommendation ("R&R") in which she recommended that the Petition for Writ of Habeas Corpus be denied on the basis that the Petition was not timely filed and equitable tolling should not apply. Equitable tolling under the AEDPA is applicable only where a petitioner demonstrates both that "he has been pursuing his rights diligently" and "'some extraordinary circumstance stood in his way' and

prevented timely filing." See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (*quoting* Pace v. DiGugliemo, 544 U.S. 408, 418 (2005)). She also recommended that a certificate of appealability be denied.

In support of her conclusion that the Petition was untimely filed, the magistrate judge explained:

> Campbell's PCRA proceeding concluded on March 11, 2011. After that date, the limitations period began to run again, and Campbell, having 36 days remaining before the statute of limitations expired, had until Monday, April 18, 2011, to submit a federal habeas petition to the prison mail system in order to file a timely federal habeas petition with this Court. He did not initiate proceedings with this Court until May 7, 2011, and thus his petition is untimely.

Id. at p. 6.

In support of her conclusion that while the AEDPA's limitations period is subject to equitable tolling in appropriate cases, equitable tolling should not be applied to save Petitioner's otherwise untimely filing in this case, the magistrate judge reasoned first that Petitioner had not shown that extraordinary circumstances had occurred that prevented him from timely filing his federal habeas petition:

> Campbell was incarcerated at SCI Smithfield on the date that the Superior Court issued its February 9, 2011, Memorandum. He contends that the Superior Court sent its decision "to my old address at SCI Coal [T]ownship," and that as a result, he did not receive it until April 9, 2011. In support of his equitable tolling argument, Campbell has attached to his petition a letter from the Superior Court's Deputy Prothonotary, dated April 7, 2011, and addressed to him at SCI Smithfield, which states: "Enclosed, please find [the] Superior Court decision rendered on your case dated February 9, 2011. Also, our office has made the correction of your mailing address." [ECF No. 3-1 at 1].
>
> Campbell has not informed this Court when he was transferred from SCI Coal to SCI Smithfield. Nor has he demonstrated that he properly and timely notified the Superior Court of his change of address. Thus, he has not established that the Superior Court was actually at fault for initially sending the February 9, 2011, Memorandum to the institution at which he was no longer incarcerated. Moreover, even if the Superior Court was at fault, when Campbell received its Memorandum on April 9, 2011, AEDPA's statute of limitations had not yet

2

expired. In fact, he still had nine days (until April 18, 2011), in which he could have submitted a federal habeas petition to the prison mail system in order to file a timely petition. Under these circumstances, Campbell simply has not shown that the Superior Court's act of initially sending the February 9, 2011, Memorandum to SCI Coal amounted to an "extraordinary circumstance" that "stood in his way and prevented timely filing" of his federal habeas petition.

R&R, p. 7.

The magistrate judge further reasoned that even if Petitioner had shown that extraordinary circumstances had occurred that that prevented him from timely filing his federal habeas petition, he still had not established that he was reasonably diligent in filing his petition once he received the Superior Court's decision:

> Even if Campbell had demonstrated that the Superior Court was at fault for initially sending the Memorandum to SCI Coal and that that single clerical error amounted to an "extraordinary circumstance" that "stood in his way and prevented timely filing" – and he has not – he still would have to establish that he was reasonably diligent in filing his federal habeas petition once he received it. "The Supreme Court addressed reasonable diligence in Holland, explaining that '[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' ... not 'maximum feasible diligence.'" Pabon, 654 F.3d at 399 (quoting Holland, 130 S.Ct. at 2565 (internal citations omitted)). By Campbell's own account, he received the Superior Court's Memorandum in the mail on April 9, 2011. At that time, he still had nine more days, until April 18, 2011, to file a timely habeas petition. However, he did not submit his federal habeas petition to the prison mailing system until 28 days later – on May 7, 2011. There is no basis for this Court to conclude that he was reasonably diligent in submitting his petition, particularly when he still had time to file a petition within the limitations period when he received the Superior Court's decision.

R&R, pp. 7-8 (citations omitted).

**I. Court's Analysis of Petitioner's Objections.**

On November 19, 2012, Petitioner filed his Objections to the Report and Recommendation. Rule 72(b)(3) of the Federal Rules of Civil Procedure provides: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended

3

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

In his Objections, Mr. Campbell argues that for a number of reasons, "extraordinary circumstances" existed which should equitably toll the limitations period in this case. First, Petitioner argues "what Judge Baxter failed to consider was that petitioner, just like other inmates, are obviously subjected to more restrictive restraints by prison officials from the Department of Corrections (hereinafter "DOC") than others moving freely in society. . . . [I]nmates are normally forced to navigate through the legal processes plagued with unwanton interference due to unwarranted increases in custody security measures that had been imposed by local prison officials." Id. at pp. 2-3. Second, Petitioner argues that he was "unexpectedly" placed in the Restrictive Housing Unit ("the RHU") under Administrative Custody Status ("ACS") at SCI Coal Township ("SCIC") and then transferred to SCI Smithfield ("SCIS") on June 29, 2010 as a result of his having a psychotic episode and his sending a handwritten diagram of his cell location to his mother, and that upon transference to SCIS, he was again placed in the RHU under ACS. Id. at pp. 3-4. This was significant, Petitioner contends, because:

> [t]he DOC prohibits inmates in the RHU from receiving any legal assistance from those more experienced in understanding the legal process. So, he was prohibited from receiving any legal help from other inmates during law clinic in the library, until his release into General Population (hereinafter "GP"). Under normal circumstances, it would take, at a minimum, two (2) weeks by local SCIS policy just to be added on the inmate call out for law clinic.
>
> Furthermore, the petitioner was denied meaningful access to his legal materials after being placed in ACS, shortly prior to and after his transfer to SCIS, with limited access to personal and legal property in his cell, thereby, prison officials constructively interfered with his ability to notify the Pennsylvania Superior Court of his transfer. So, he was forced into waiting until his release back into GP just to have any access to important addresses. However, in any event, this notice was

4

> sent to the court clerk at the earliest possible opportunity once he gained access to the court's mailing information.
>
> Because of being held under ACS in RHU, the petitioner was unable to keep a copy of his notification to the court clerk and he is unsure of the exact date his address change was sent. Since he failed to receive any response, petitioner realized that he should send a follow-up letter, as inquiry to the clerk. But, the only thing petitioner can say with any certainty is that the clerk finally responded, by letter dated April 7, 2011, where the clerk wrote, "Enclosed please find [the] Superior Court decision rendered on your case dated February 9, 2011. Also, our office has made the correction of your mailing address. This response would surely support a reasonable finding that petitioner did in fact contact the court clerk updating his personal mailing information after his unexpected transfer to SCIS.

Objections, pp. 3-4.

In his Objections, Mr. Campbell also argues that he did act with reasonable diligence because he submitted the petition within twenty-eight (28) days of receipt of the Superior Court's decision." Id., p. 6.

To summarize Petitioner's contention, he was transferred from SCIC to SCIS on June 29, 2010 and upon arrival at SCIS went into the RHU under ACS until sometime later in 2010/2011. Thereafter, once he returned to general population, he sent the Pennsylvania Superior Court two letters asking the status of his case. He does not know the dates when the letters were sent. In response, on April 9, 2011, Petitioner received from the appellate court a letter that enclosed the Superior Court's February 9, 2011 Memorandum in his case and explained that they originally had mailed it to him at SCIC and here was another copy. Upon receiving the Superior Court's decision, Petitioner requested an inmate call-out for the law clinic, which takes a minimum of two (2) weeks to be scheduled. He then mailed his habeas petition to the Court. Notably, while Petitioner states in his Petition that he mailed it on May 7, 2011 (and this is the date utilized by the magistrate judge in the R&R), 28 days after receiving the Superior Court decision, thus establishing a filing date of May 7, 2011, a review of the envelope in which the habeas petition

5

was mailed to this Court (see ECF #1, attachment 2) shows that it was mailed on May 5, 2011 or 26 days after he received the Superior Court's Memorandum. Accordingly, we have used May 5, 2011 as Petitioner's filing date. Even so, May 5, 2011 was 17 days after April 18, 2011, the last date Petitioner could file a habeas petition with this Court before the limitations period ran.

Having reviewed *de novo* Petitioner's Objections, we agree with Magistrate Judge Baxter's report and recommendation that Petitioner has not established that some extraordinary circumstance stood in the way of his timely filing of his federal habeas petition or that he had been pursuing his rights diligently and therefore, we should decline to exercise our equitable tolling powers, conclude that Petitioner's request for habeas corpus relief is time-barred and deny Petitioner's federal habeas petition. Accordingly, we accept the Report and Recommendation, filed on October 3, 2012, in its totality except for utilizing a filing date of May 5, 2011 as opposed to May 7, 2011 for the filing date of the federal habeas petition, and adopt the Report and Recommendation as the Opinion of this Court except for utilizing a filing date of May 5, 2011 as opposed to May 7, 2011 for the habeas petition when calculating the applicable limitations period.

**II. Conclusion.**

Accordingly, after de novo review of the pleadings and documents in the case, together with the Report and Recommendation from Magistrate Judge Baxter and "Petitioner's Objections to Report and Recommendation as Prepared by Magistrate Judge Susan Paradise Baxter," the following Order is entered:

AND NOW, this 8th day of March, 2013, it is HEREBY ORDERED, ADJUDGED AND DECREED that the Report and Recommendations of Magistrate Judge Baxter [ECF #17], dated October 3, 2012, is adopted as the Opinion of the Court except that this

6

Court utilized a filing date of May 5, 2011 as opposed to May 7, 2011 when calculating the applicable limitations period.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Petitioner Michael Allen Campbell's Petition for Writ of Habeas Corpus [ECF #3] is DENIED and that a certificate of appealability shall not be issued.

The Clerk of Court shall mark this case CLOSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge